**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| VICENTA GARCIA, § | CASE NO. 09-54517-LMC | |
| § | | |
| DEBTOR § | CHAPTER 7 | |
| _____§ | | |
| § | | |
| VICENTA GARCIA, § | | |
| § | | |
| PLAINTIFF § | | |
| § | | |
| VS. § | ADVERSARY NO. _____ | |
| § | | |
| NORTH STAR CAPITAL ACQUISITION, § | | |
| LLC & MICHAEL J. SCOTT, P.C. § | | |
| § | | |
| DEFENDANTS § | | |

**PLAINTIFF'S COMPLAINT FOR
<u>VIOLATION OF THE DISCHARGE INJUNCTION</u>**

**TO THE HONORABLE LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE**:

Comes now, VICENTA GARCIA, Debtor and Plaintiff herein, by and through her attorney, who files her Complaint for Violation of the Discharge Injunction, and would respectfully show the Court the following:

**JURISDICTION**

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(O).

**VENUE**

2. Venue is proper in the Western District of Texas, pursuant to 28 U.S.C. § 1409(a), based upon the fact that Plaintiff is the Debtor in the above-referenced bankruptcy case which was filed in the Western District of Texas, and reopened by Order entered on June 17, 2011.

**PARTIES**

3. Plaintiff is Vicenta Garcia (hereinafter referred to as "Plaintiff" or "Debtor"), who is an individual, and the Debtor in this proceeding.

4. Defendant, North Star Capital Acquisition, LLC (hereinafter referred to as "North Star" or "Defendant North Star") is a foreign corporation organized under the laws of the State of Minnesota, with its principal office located at 170 Northpointe Parkway, Suite 300, Amherst, NY 14228. Said Defendant shall be served with a copy of this Complaint and a Summons, by and through its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

5. Defendant, Michael J. Scott, P.C. (hereinafter referred to as "Scott" or "Defendant Scott") is a domestic corporation. Said Defendant shall be served with a copy of this Complaint and a Summons, by and through its registered agent for service of process, Michael J. Scott, 3236 Towerwood Dr., Farmers Branch, Texas 75234.

**FACTS**

6. On November 17, 2009, Plaintiff filed a Voluntary Petition for Relief under Chapter 7 of Title 11, United States Code.

7. Among the creditors listed in the Plaintiff's bankruptcy schedules were the following entities:

    a. LTD Financial Services, L.P., listed at its business address located at 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074.

    b. Zenith Acquisition, listed at its business address located at 220 John Glenn Dr. #1, Buffalo, NY 14228.

Both entities are known to be "debt buyers", meaning they are businesses formed for the purpose of buying delinquent and charged off consumer receivables, such as credit card accounts, for a small percentage of the amount owed, and then seeking to collect the entire amount (plus other charges) from the consumers who are alleged to owe the money.

8. The Debtor also listed in her Schedules one or more credit card accounts with Wells Fargo Financial Bank, and included an address for its collection agency known as Firstsource Advantage, LLC (hereinafter "Firstsource"), located at 205 Bryant Woods South, Buffalo, NY

14228. Firstsource had sent Plaintiff a letter in March, 2009, referencing an account which the Debtor believed to be one of her Wells Fargo accounts; however, the correspondence listed the creditor for the obligation as Defendant North Star, but gave no address for such entity.

9. To ensure that the Debtor was able to list all of her creditors in her bankruptcy case, she obtained a credit report prior to filing her case. An entity known as Zenith Acquisition was listed on the Debtor's credit report, allegedly representing the purchase of the same Wells Fargo account referenced in the prior paragraph. Therefore, the Debtor listed this entity using the address provided on her credit report. As it turns out, Zenith Acquisition is listed as a "governing person" for Defendant North Star according to the Secretary of State for the State of Texas. Furthermore, North Star's website contains the following information:

> "Who we are - North Star Capital Acquisition, a wholly owned subsidiary of Zenith Acquisition Corp, founded in 2003 purchases various types of delinquent receivables. North Star prides itself on working with firms that offer consumers the widest possible opportunities to repay their obligations within a manageable budget."

10. Therefore, it appears that prior to filing her bankruptcy case, Zenith Acquisition allegedly purchased the Debtor's Wells Fargo credit card account, and referred the matter to its subsidiary and collector North Star to attempt to collect the debt from the Debtor. Prior to filing her bankruptcy case, Defendant North Star then employed Firstsource to contact the Debtor directly and collect the debt. Thus, the Debtor listed the original Wells Fargo account, Zenith Acquisition (which claimed to be the owner of the account on the Debtor's credit report), and Firstsource, which was the entity that sent a collection letter to the Debtor before the case was filed.

11. On November 20, 2009, the noticing agent for the United States Bankruptcy Clerk for the Western District of Texas mailed the Order Combined with Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines (the "341 Notice") to all of the entities listed by the Debtor, including Zenith Acquisition and Firstsource Advantage. As noted above, the Debtor also listed the entity known as LTD Financial Services, L.P.

12. On or about March 1, 2010, a Discharge of Debtor was entered in Plaintiff's bankruptcy case. On March 3, 2010, the noticing agent for the United States Bankruptcy Clerk for the Western District of Texas mailed a copy of the Debtor's Discharge to all of the entities listed by the Debtor, including Zenith Acquisition (parent company for Defendant North Star), Firstsource Advantage, and LTD Financial Services, L.P. (hereinafter "LTD").

13. Notwithstanding the entry of the Discharge in the Debtor's bankruptcy case, on or about March 17, 2010, LTD served the Debtor with a lawsuit and a citation, seeking to collect its alleged debt. LTD was represented in the lawsuit by Defendant Scott. The Debtor was quite upset by these events and provided the undersigned counsel with a copy of the lawsuit. However, counsel noted that the case was originally filed in October, 2009 - i.e. prior to filing of the Debtor's bankruptcy case. Therefore, the undersigned counsel, assuming that a mistake had been made in failing to recall the lawsuit from the process server, simply filed an answer for the Debtor and alleged the affirmative defense of discharge in bankruptcy on March 30, 2010. Based upon this response, Defendant Scott filed a Notice of Non-suit on behalf of LTD on or about April 5, 2010. An Order of Dismissal Without Prejudice was also apparently tendered to the Court by Defendant Scott, although it is altogether unclear why Defendant Scott or its client LTD would want to retain the right to sue the Debtor again on a discharged debt. In any event, both the Debtor and her counsel believed the matter was resolved for good and counsel therefore closed the Debtor's file.

14. The only reason the Debtor filed her bankruptcy case was to avoid the taking of a judgment and to end the harassment from the collection agencies and debt buyers that she had to deal with before she filed her case.

15. Almost one year later, on March 30, 2011, Defendant Scott mailed a collection letter to the Debtor; however, the letter was not written on behalf of LTD. Instead, Defendant Scott's letter was written on behalf of Defendant North Star. In the collection letter, Defendant Scott stated as follows:

"Dear Ms. Garcia,

As you know, North Star Capital Acquisition, LLC obtained a **JUDGMENT** against you for $6,640.32. Under Texas law, the Judgment earns interest daily and, as of today, the balance owed is $7,069.68. What you may not realize is that North Star Capital Acquisition, LLC can renew this Judgment *forever. It may never go away.* Further, Texas Law allows North Star Capital Acquisition, LLC to:

- ***Send a Constable or Sheriff to your home*** to collect the judgment
- Ask the court to *freeze money in your bank and/or savings account*
- Ask a Constable to *seize and sell any non-exempt property* that you own
- Have the State of Texas *command you to appear and testify at a deposition*"

The letter went on to advise Plaintiff that she "should not plan to simply ignore this judgment" and that Defendant North Star "wants to avoid going to these extremes to collect the judgment." The letter then seeks to collect the discharged debt by advising the Debtor of alleged "Special Settlement Authority" and requests that the Debtor "mail [her] payment today." The emphases were placed in the letter (i.e. ***bold and italics***) in what appears to be an attempt to scare the Debtor into paying the alleged debt. A true and correct copy of this letter is attached hereto as Exhibit "A".

16. After the Debtor provided the undersigned counsel with Defendants' collection letter, an investigation of court records indicated that Defendant North Star, acting by and through its counsel Defendant Scott, took a Default Judgment against the Debtor in an entirely separate lawsuit on April 14, 2010 - approximately 9 days after Defendant Scott filed the non-suit in the LTD lawsuit. Thus, Defendant Scott, knowing that Plaintiff had received a discharge in bankruptcy, thereafter took a default judgment in an entirely separate lawsuit which was filed on behalf of Defendant North Star. While it appears that this lawsuit was also originally filed immediately before the Debtor filed her bankruptcy case, Defendant North Star appears to have made no effort to "call the lawsuit back" upon receiving notice of the commencement of the Debtor's bankruptcy case in November, 2009. Furthermore, Defendant Scott apparently has no system in place to verify whether or not he is attempting to collect a debt from an individual who had filed bankruptcy. Even worse,

Defendant Scott took a default judgment against the Debtor a mere two weeks after the being notified of the Debtor's Discharge.

17. All of the foregoing actions constitute gross violations of the Debtor's discharge injunction, as well as violations of other debt collection practice laws referenced herein. Defendant North Star is liable not only for its own failure to act to recall its lawsuit, but also for the actions of Defendant Scott in taking the Default Judgment.

### GROUNDS FOR RELIEF - COUNT I:
### 11 U.S.C. §105(a) - Violation of Discharge Injunction

18. Plaintiff incorporates the preceding allegations by reference.

19. The actions taken by both Defendants constitute violations of the Debtor's discharge injunction set forth in 11 U.S.C. § 524.

20. Plaintiff has been injured and damaged by Defendants' actions and is entitled to recover judgment against Defendants for her actual damages, including out-of-pocket expenses, emotional distress, and her costs and attorney's fees incurred in both remedying the effects of the judgment and pursuing her claims herein.

21. This Court has the power to hold Defendants in contempt and issue sanctions by virtue of the Court's inherent authority to enforce its own orders and the statutory authority set forth in 11 U.S.C. §105(a). Plaintiff hereby requests a judgment against both Defendant for her damages proven at trial.

### COUNT II:
### Fair Debt Collection Practices Act - 15 U.S.C. §§ 1692 et seq.

22. Plaintiff incorporates the preceding allegations by reference.

23. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3). According to Defendants, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. §1692a(5). Defendants are both debt collectors as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff before and after her Discharge was entered.

24. In taking the foregoing actions, Defendant Scott and Defendant North Star, acting by and through Defendant Scott, violated 15 U.S.C. § 1692e, which provides in relevant part, the following:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
>
> (2) The false representation of–
>
>     (A) the character, amount, or legal status of any debt; or
>     . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>     . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> 15 U.S.C. §§ 1692e(2)(A), (5), (10).

25. Plaintiff requests judgment against Defendants pursuant to 15 U.S.C. §1692k for her actual damages, including out-of-pocket expenses and emotional distress. Plaintiff also requests judgment against Defendants for her reasonable attorney's fees and costs incurred in both remedying the effects of the judgment and pursuing her claims herein. Finally, Plaintiff requests judgment against Defendants for such additional statutory damages as the court may allow, not exceeding the sum of $1,000.00.

## COUNT III:

## Texas Debt Collection Practices Act

26. Plaintiff incorporates the preceding allegations by reference.

27. Plaintiff is a consumer as that term is defined by Tex. Fin. Code. Ann. §392.001(1), and according to Defendants, Plaintiff allegedly owed a consumer debt as that term is defined by Tex. Fin. Code. Ann. §392.001(2). Defendants are both third party debt collectors as that term is

defined by Tex. Fin. Code. Ann. §392.001(7), who engaged in debt collection against Plaintiff as that term is defined by Tex. Fin. Code. Ann. §392.001(5).

28. In taking the foregoing actions, Defendant Scott and Defendant North Star, acting by and through its attorney, violated §§ 392.301(a)(8) and 392.304(a)(8) & (19), which provides in relevant part, the following:

> § 392.301. Threats or Coercion
>
> (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: …
>
> (8) threatening to take an action prohibited by law.
>
> § 392.304. Fraudulent, Deceptive, or Misleading Representations
>
> (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: …
>
> (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; . . .
>
> (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. . .

29. Pursuant to Tex. Fin. Code Ann. §§ 392.403(a) and (b), Plaintiff hereby sues for injunctive relief to prevent or restrain further violations of this chapter, and her actual damages sustained as a result of the violation of this chapter including out-of-pocket expenses and emotional distress. Plaintiff also requests judgment against Defendant for her reasonable attorney's fees and costs incurred in both remedying the effects of the judgment and pursuing her claims herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to answer and appear herein and that upon final hearing and trial on the merits hereof, Plaintiff have and recover judgment against Defendants, jointly and severally, for the following relief:

A. A specific injunction prohibiting Defendants from attempting to collect from Plaintiff the debt they have been seeking to collect, as well as any other debt discharged in Plaintiff's bankruptcy case;

B. Judgment for the damages pled and proven at trial, and such statutory damages as are imposed by law;

C. Pre and Post judgment interest as provided by law;

D. Reasonable attorney's fees and expenses incurred through trial and in connection with any appeal taken from a judgment or order of this Court;

E. Costs of suit; and

F. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF H. ANTHONY HERVOL
4414 Centerview Drive, Suite 200
San Antonio, Texas 78228
(210) 522-9500
(210) 522-0205 (Fax)


By_/s/ H. Anthony Hervol_____
  H. Anthony Hervol
  State Bar No. 00784264
  Attorney for Plaintiff

# MICHAEL J SCOTT, PC
ATTORNEYS AT LAW
1120 Metrocrest Dr., Suite 100
Carrollton, Texas 75006-5862
March 30, 2011

ATTN TONY HARVOL

Ph: (972) 428-3550
Toll Free: (866) 298-3155
helpdesk@scott-pc.com

Hours of Operation (CST)
Monday-Friday: 8:00AM-8:00PM
Saturday: 8:00AM-12:00PM

Re:  Judgment Owed To:  North Star Capital Acquisition, LLC
     Judgment Amount:   $7,069.68
     Our Account Number: TK-68011

## SETTLEMENT OFFER

Dear Ms. Garcia,

As you know, North Star Capital Acquisition, LLC obtained a JUDGMENT against you for $6,640.32. Under Texas law, the Judgment earns interest daily and, as of today, the balance owed is $7,069.68. What you may not realize is that North Star Capital Acquisition, LLC can renew this Judgment *forever. It may never go away.*

Further, Texas Law allows North Star Capital Acquisition, LLC to:

- ► *Send a Constable or Sheriff to your home* to collect the judgment
- ► Ask the court to *freeze money in your bank and/or savings account*
- ► Ask a Constable to *seize and sell any non-exempt property* that you own
- ► Have the State of Texas *command you to appear and testify at a deposition*

**YOU SHOULD NOT PLAN TO SIMPLY IGNORE THIS JUDGMENT.** It can negatively affect your credit rating and may prevent you from obtaining a personal loan, getting a home loan or qualifying for a credit card.

North Star Capital Acquisition, LLC wants to avoid going to these extremes to collect the Judgement. North Star Capital Acquisition, LLC is also aware that times are tough, and that they need to work with you to resolve this matter.

**PLEASE REVIEW YOUR SETTLEMENT OPTIONS BELOW
AND MAIL YOUR PAYMENT TODAY**

ACT NOW! We have been given Special Settlement Authority. This offer expires in 10 days.

Call (866) 298-3155

* Please be aware that this law firm is a debt collector attempting to collect a debt. Any information which you provide to this firm may be used by us for that purpose.

---

## PAYMENT COUPON

*** Please Detach the Lower Portion and Return with your Payment in the Enclosed Envelope ***

CCSMUSP01STL-102

PO Box 113297
Carrollton TX 75011-3297
ADDRESS SERVICE REQUESTED

Our File No.: TK-68011
___ I am enclosing $6,066.93 to settle this Judgment
___ I will pay $190.00 per month towards this Judgment and my first payment is enclosed.
___ I would like to be contacted about this Judgment
My Phone Number is: (___) _____

March 30, 2011

Please make your check payable to:
Michael J Scott, P.C. – IOLTA Account

TK-68011-STL-102    516465861

Vicenta Garcia
8315 Sageline St
San Antonio TX 78251-1815

Michael J. Scott, PC
Attorneys at Law
PO Box 113297
Carrollton TX 75011-3297

| B104 (08/07) **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Vicenta Garcia <br> 8315 Sageline <br> San Antonio, Texas 78251 | **DEFENDANTS** <br> North Star Capital Acquisition, LLC <br> 170 Northpointe Parkway, Suite 300 <br> Amherst, NY 14228 <br><br> Michael J. Scott, P.C. <br> c/o Michael J. Scott <br> 3236 Towerwood Dr. <br> Farmers Branch, Texas 75234 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Law Office of H. Anthony Hervol, 4414 Centerview Drive, Suite 200, San Antonio, Texas 78228 <br> (210-522-9500) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ Creditor ☐ Trustee ☐ U.S. Trustee ☐ Other | **PARTY** (Check One Box Only) <br> ☐ Debtor ☒ Creditor ☐ Trustee ☐ U.S. Trustee ☐ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Suit for damages related to violation of the Debtor's Discharge Injunction (11 U.S.C. sec. 105 & 524); 15 U.S.C. §§ 1692 et seq.; Tex. Fin. Code. Ann. §392.001 et seq.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - **Recovery of Money/Property** | FRBP 7001(6) - **Dischargeability (continued)** |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability §523(a)(8), student loan |
| ☒ 14-Recovery of money/property - other | ☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | ☐ 71-Injunctive relief - reinstatement of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☒ 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) - Subordination of Claim or Interest** |
| ☐ 41-Objection/revocation of discharge - §727(c), (d), (e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) - Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) - Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case - 15 USC §§78aaa et. seq. |
| (continued next column) | ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand **$50,000.00** |

Other Relief Sought

APCS-B104 (08/07)    Page 1 of 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Vicenta Garcia | BANKRUPTCY CASE NO.<br>09-54517-LMC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Texas | DIVISIONAL OFFICE<br>San Antonio | NAME OF JUDGE<br>Leif M. Clark |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>9/13/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>H. Anthony Hervol | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

  Plaintiffs and Defendants. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

  Attorneys. Give the names and addresses of the attorneys, if known.

  Party. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

  Demand. Enter the dollar amount being demanded in the complaint.

  Signature. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.